IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRENDAN WELCH,

Plaintiff,

vs.

MORGAN & MORGAN,

Defendant.

8:23CV350

MEMORANDUM AND ORDER

On August 8, 2023, Plaintiff Brendan Welch (hereinafter "Plaintiff" or "Welch") filed a pro se Complaint Filing No. 1, and a Motion for Summary Judgment (the "MSJ"), Filing No. 3. Plaintiff was granted leave to proceed in forma pauperis on August 15, 2023. Filing No. 6.

For the reasons set forth below, the Court shall deny the MSJ as premature. The Court also conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e), and, for the reasons set forth below, finds that it is, but that in lieu of dismissal, the Court sua sponte grants Plaintiff leave to amend.

## I. INITIAL REVIEW

### A. Summary of Complaint

The subject matter of this case arises from Plaintiff's allegation of "false advertising" against sole defendant Morgan & Morgan ("Defendant"). Filing No. 1 at 2, 5.

Plaintiff alleges both federal question and diversity jurisdiction, asserting claims under 18 U.S.C. §§ 241 and 242, and alleges he is a citizen of Nebraska and Defendant is a citizen of Florida.  *Id.* at 3.

The totality of support for his Complaint is provided in the following narrative:

On or between the dates of August 4th and August 7th I was seeking help in dealing with my legal matters . . . . [U]pon consult, I discovered false advertising was committed.

. . . .

[Plaintiff is facing an] [e]xtreme likelihood of continued harassment, stalking, reputational damage, cyberstalking, federal crimes, severe harassment, and aggressive cyberbullying as well as continued business interruption and job loss from my harassers and hate ongoing.

. . . .

Morgan & Morgan advertises for assistance in wrongful termination, civil rights violations, social media harm and defamation/harassment on their website.  However, upon 5 or more consults, it is proved that is false advertising after speaking to consultants.

*Id.* at 5 (spelling and punctuation corrected).  Plaintiff seeks $80,000 in "restitution" plus punitive damages for continued infliction of emotional distress and "detriment" to Plaintiff's health.  *Id.*

### B. Applicable Standards Upon Initial Review

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."

2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### C. Discussion

As an initial matter, including the instant Complaint, Plaintiff has filed fifteen pro se complaints in this Court since July 14, 2023. *See Case Nos.* 4:23-CV-3128, 4:23-CV-3129, 4:23-CV-3134, 4:23-CV-3135, 8:23-CV-305, 8:23-CV-306, 8:23-CV-318, 4:23-CV-3139, 4:23-CV-3141, 4:23-CV-3142, 4:23-CV-3147, 4:23-CV-3148, 4:23-CV-3149, and 4:23-CV-3150. Of these fifteen complaints, including the instant Complaint, none pass initial review under 28 U.S.C. § 1915(e)(2), and therefore none shall be able to proceed to service of process without significant amendment as further discussed here and in this Court's orders in Case Nos. 4:23-CV-3128 (consolidating with case numbers 4:23-CV-3134, 4:23-CV-3135, 8:23-CV-305, 8:23-CV-306, 4:23-CV-3139, 4:23-CV-3141, 4:23-CV-3142, 4:23-CV-3147, 4:23-CV-3149, and 4:23-CV-3150 due to similar or duplicative claims and parties arising out of similar circumstances and requiring amendment due to

ineffective jurisdictional allegations, unrepresented entity parties, and insufficient assertion of claims and facts), 4:23-CV-3129 (dismissing for failure to state a claim), 8:23-CV-318 (requiring amendment), and 4:23-CV-3148 (requiring signature on unsigned complaint), to be filed concurrently. Moreover, Welch has also cluttered the Court's file with extraneous supplemental pleadings, motions, correspondence, and other materials which are either frivolous or premature in those fifteen cases. Ultimately, all of Plaintiffs' repetitive filings have required the Court to utilize a significant amount of judicial resources, diverting time and energy of the judiciary away from processing other claims.

The Court notes that although Welch may continue to proceed pro se and that no restrictions shall be placed on Welch at this time, Welch has abused the privilege by filing an inordinate number of pro se, in forma pauperis cases which either cannot proceed or require significant amendment if they are to proceed. While Welch has a right to access the courts, his right of access cannot be unlimited in the face of abuse.

As set forth by the Eighth Circuit Court of Appeals:

> The Court has authority to control and manage matters pending before it. . . . The need for such control bears noting. First, Rule 1 of the Federal Rules of Civil Procedure provides that the rules shall be construed to secure the just, speedy, and inexpensive determination of every action. Three fundamental goals underlie this mandate; maintaining the quality of justice, avoiding delay, and improving the efficiency of dispute resolution. In order to secure these values, we must recognize that judicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.
>
> The most apparent effect of excessive litigation is the imposition of unnecessary burdens on, and the useless consumption of, court resources. As caseloads increase, courts have less time to devote to each case. A lack of adequate time for reflection threatens the quality of justice....Abusive litigation results in prolonged, repetitive harassment of defendants causing frustration and often extraordinary and unreasonable expenditures of time and money defending against unfounded claims.

> Defendants have a right to be free from harassing, abusive, and meritless litigation. Federal courts have a clear obligation to exercise their authority to protect litigants from such behavior.

*In re Tyler*, 839 F.2d 1290, 1292-93 (8th Cir. 1988) (quoting *People of the State of Colorado v. Carter*, 678 F. Supp. 1484, 1486 (D.Colo. 1986)) (internal citations omitted). **Plaintiff is put on notice that if Plaintiff continues filing pro se cases that are severely deficient, filing restrictions may result.**

Viewing the Complaint herein in the light most favorable to Plaintiff, the Court finds that Plaintiff's Complaint contains multiple deficiencies which render the Complaint subject to dismissal and/or require amendment.

### 1. *Jurisdiction*

Plaintiff alleges his Complaint may proceed before this Court under both federal question and diversity jurisdiction. Filing No. 1 at 3.

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts; rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Where a complaint "totally avoids any allegation of fact tending to show the existence of a federal question . . . [b]ut the complaint is so unintelligible to allow even this conclusion", federal question jurisdiction is not adequately plead. *Koll v. Wayzata State Bank*, 397 F.2d 124, 127 (8th Cir. 1968) (internal citations omitted).

Here, Plaintiff alleges that his claims are "possible" under 18 U.S.C. §§ 241 and 242. Filing No. 1 at 3. However, 18 U.S.C. §§ 241-242 are criminal statutes that provide

no basis for any private cause of action. See *U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C] § 241 ..."); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241-242). As such, as pleaded, there is no basis for federal question jurisdiction. Therefore, the Court finds subject-matter jurisdiction is not proper under 28 U.S.C. § 1331.

Federal district courts also have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). When diversity jurisdiction is sought involving an entity, it is not enough to list an entity's address to establish citizenship. For example, if a corporation is being sued, a plaintiff must include allegations of any corporate party's state of incorporation and principal place of business, *see* 28 U.S.C. §§ 1332(a), (c)(1), or for limited liability companies, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction, *see GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir.2004)).

Here, while Plaintiff alleges he is a citizen of Nebraska, and while he may plausibly allege that his citizenship is different from that of Defendant, his Complaint as pleaded is deficient. Plaintiff appears to claim Defendant is a corporation, incorporated under the laws of the state of Florida, but omits Defendant's principal place of business. Filing No.

1 at 4. Therefore, the Court finds subject-matter jurisdiction is also not proper pursuant to 28 U.S.C. § 1332.

As such, Plaintiff must amend his complaint setting forth adequate jurisdictional allegations to proceed before this Court.

### 2. Pleading Standards

While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

Here, as pleaded Plaintiff's Complaint fails to meet this minimal pleading standard. For example, Plaintiff alleges Defendant advertises on its website that Defendant provides assistance in matters of wrongful termination, civil rights violations, social media harm and defamation/harassment but that those claims are false. Filing No. 1 at 5.

However, the Court is unable to ascertain any connection between the general and conclusory allegation that defendant's website provides false information, and what defendants did to Plaintiff which would establish why such a claim may proceed, such as any detail of the facts describing why the claims made by Defendant are false, the resulting harm to Plaintiff, or what type of claim Plaintiff intends to bring. A court cannot rewrite pleadings, guess as to what claim or claims a party intends to bring, or otherwise act as counsel. *See e.g. Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991) (even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party); *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998); *Pontier v. City of Clearwater,* 881 F. Supp. 1565, 1568 (M.D.Fla.1995) (a court need not rewrite an otherwise deficient pleading order to sustain an action).

As such, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against each of the Defendants. *Plaintiff should be mindful to set forth all jurisdictional allegations regarding the parties as well as facts establishing what Defendant did to him, when Defendant did it, how Defendant's actions harmed him, and what specific legal rights Plaintiff believes Defendant violated.* If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against all Defendants will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

## II. MOTION FOR SUMMARY JUDGMENT

Plaintiff filed his MSJ concurrently with his Complaint, containing a statement of claims similar to his statement of claims set forth in the Complaint. *Compare* Filing No. 1

at 3 *with* Filing No. 3. The MSJ is premature for several reasons. "Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Jackson v. United Parcel Serv., Inc.*, 643 F.3d 1081, 1085 (8th Cir. 2011) (citation omitted).

As the Complaint must be amended, and as Defendant has not yet been and shall not be served with the Complaint until after any amended complaint, if filed, proceeds beyond initial review, the MSJ is premature and must be denied.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim or claims upon which relief may be granted against Defendant in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, his claims against Defendant will be dismissed without further notice. **Plaintiff must include complete jurisdictional allegations as well as list all of the claims he wishes to pursue against Defendant, without relying upon or incorporating by reference any allegations made in the original complaint filed in this case on in any other case before this Court. Plaintiff should be mindful to explain in his amended complaint what Defendant did to him, when and where the Defendant did it, and how the Defendant's actions harmed him.**

2. The Clerk's Office is directed to send to Plaintiff a copy of the civil complaint form. Plaintiff is instructed to attach additional pages to the complaint form as necessary.

3. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **September 15, 2023:** Check for amended complaint.

4. Plaintiffs' motion for summary judgment, Filing No. 3, is denied without prejudice to reassertion.

Dated this 17th day of August, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court