IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRENDAN WELCH,

Plaintiff,

vs.

MORGAN & MORGAN,

Defendant.

8:23CV350

MEMORANDUM AND ORDER

On August 8, 2023, Plaintiff Brendan Welch (hereinafter "Plaintiff" or "Welch") filed a pro se Complaint. Filing No. 1. Plaintiff was granted leave to proceed in forma pauperis on August 15, 2023. Filing No. 6. This Court completed its initial review under 28 U.S.C. § 1915(e) on August 17, 2023, finding that Plaintiff's case was subject to dismissal for failure to allege a jurisdictional basis under which his claims could proceed and noting even if jurisdiction were satisfied that the allegations contained in his Complaint were insufficient to satisfy Federal Rule of Civil Procedure 8. Filing No. 7. This Court sua sponte granted Plaintiff leave to amend, explaining that any amended complaint filed must:

> include complete jurisdictional allegations as well as list all of the claims he wishes to pursue against Defendant, without relying upon or incorporating by reference any allegations made in the original complaint filed in this case on in any other case before this Court. Plaintiff should be mindful to explain in his amended complaint what Defendant did to him, when and where the Defendant did it, and how the Defendant's actions harmed him.

*Id.* at 9.

In response, Plaintiff filed an amended complaint (the "Amended Complaint"), Filing No. 9, which is now before this Court on initial review pursuant to 28 U.S.C. § 1915(e) to determine if summary dismissal is appropriate. For the reasons set forth herein, the Court determines that it is and the case shall be dismissed without prejudice.

## I. APPLICABLE STANDARDS UPON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed,

and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II. DISCUSSION

Plaintiff alleges his Amended Complaint may proceed before this Court under both federal question and diversity jurisdiction. Filing No. 9 at 3. Plaintiff is incorrect in both assertions.

### A. Federal Question Jurisdiction

Plaintiff alleges this Court has federal question jurisdiction over this matter under the Federal Lanham Act; 15 U.S.C. §§ 1125 and 1125(a), 18 USC § 241, and 18 USC § 242. *Id.*

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts; rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990).

However, as Plaintiff has been previously instructed, 18 U.S.C. §§ 241-242 are criminal statutes that provide no basis for any private cause of action. Filing No. 7 at 5–6 (citing *U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C] § 241 . . . ."); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241-242)). The Court repeats, neither of these statutes provide any basis for federal question jurisdiction in this case.

3

Further, although Plaintiff refers to The Lanham Act sections 15 U.S.C. §§ 1125 and 1125(a), as a basis for federal question jurisdiction, the Lanham Act creates civil liability only for:

> **(1)** Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> **(A)** is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> **(B)** in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a) (1982).

While the Lanham Act authorizes suit by "any person who believes that he or she is likely to be damaged" by a defendant's false advertising, 15 U.S.C. § 1125(a)(1), and "[r]ead literally, that broad language might suggest that an action is available to anyone who can satisfy the minimum requirements of Article III," *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014), "the Lanham Act authorizes suit only for commercial injuries," not injuries to individual consumers. *Id.* at 133; *see also Kroma Makeup EU, Ltd. v. Boldface Licensing ± Branding, Inc.*, No. 6:14-CV-1551-ORL, 2015 WL 1708757, at *5 (M.D. Fla. Apr. 15, 2015) (explaining that "[t]he *Lexmark* Court specifically drew a distinction between those who have legitimate commercial interests at stake and others, such as consumers, who have merely been 'hoodwinked' by an

4

infringer's conduct" finding that while individual consumers "may have suffered a true injury-in-fact sufficient to satisfy Article III, these plaintiffs fall outside of the Lanham Act's purpose in protecting commercial actors"). Specifically, federal courts have held that to have standing to bring a false advertising claim under the Lanham Act, a plaintiff must be a competitor of the defendant and must allege a competitive injury. *Jack Russell Terrier Network of Northern Ca. v. American Kennel Club, Inc.*, 407 F.3d 1027, 74 U.S.P.Q.2d 1922, 2005-1 Trade Cas. (CCH) ¶ 74790 (9th Cir. 2005); *Ritani, LLC v. Aghjayan*, 2012 WL 2979058 (S.D. N.Y. 2012).

As Plaintiff's interest is purely one of a consumer, and as he is not a competitor of either defendant, the Lanham Act also provides no basis for federal question jurisdiction in this case.[1]

---

[1] Even if the Lanham Act did provide such a basis for Plaintiff to proceed, the Eighth Circuit in *United Indus. Corp. v. Clorox Co.*, has set forth the elements that a plaintiff must prove to establish a false-advertising claim under the Lanham Act, which Plaintiff's allegations in his Complaint do not meet. The elements are as follows

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products.

*United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998).

Plaintiff seeks to hold Defendant Morgan & Morgan, a law firm, and Defendant Tomlinson (apparently advertised as a member of the Morgan & Morgan firm), liable under the Lanham Act for allegedly failing to provide legal services to him, which he sought to obtain based on Defendants' advertising that they offer "free, pro bono representation for social media, wrongful termination, [and] defamation" cases. Filing No. 9. However, Plaintiff's allegation that he would have had peace from ongoing harassment by third parties not party to this action (presumably indicating he would have peace if defendant had taken his case), *Id.* at 5, does not meet the requirement that the alleged false statement made by Morgan & Morgan regarding its pro bono representation resulted in a direct diversion of Plaintiff Welch's sales. Nor does Plaintiff allege that Morgan & Morgan's advertising guaranteed representation would be provided to him.

**B. Diversity Jurisdiction**

Federal district courts also have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). When diversity jurisdiction is sought involving an entity, it is not enough to list an entity's address to establish citizenship.

Here, Plaintiff names Morgan & Morgan and Justin Tomlinson as defendants. While Plaintiff alleges, he is a citizen of Nebraska and that Defendant Morgan & Morgan is a citizen of Florida, he also alleges Defendant Tomlinson is a citizen of Nebraska. Filing No. 9 at 3–4. As diversity is destroyed by Defendant Tomlinson having the same state of citizenship as Plaintiff, the Court cannot exercise jurisdiction over this matter under 28 U.S.C. §§ 1332 regardless of the citizenship of the remaining parties. *See McDanel v. BNSF Ry.*, No. 2:14CV46 CDP, 2014 WL 3579570, at *3 (E.D. Mo. July 21, 2014) (the presence of a defendant of the same state destroys complete diversity and thus defeats federal diversity jurisdiction).

As such, the Court finds subject-matter jurisdiction is also not proper pursuant to 28 U.S.C. § 1332.

IT IS THEREFORE ORDERED THAT: As there is no jurisdictional basis in the Amended Complaint, Filing No. 9, under which this case may proceed, this matter is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2). A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 8th day of September, 2023.

BY THE COURT:

*signature*

Joseph F. Bataillon
Senior United States District Court